IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY A. TEETER, | ) | CASE NO. 1:11 CV 2376 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the application of Troy A. Teeter under the Equal Access to Justice Act (EAJA)[2] for attorney fees and expenses.[3] Teeter was the prevailing party[4] for EAJA purposes in this case by virtue of this Court's decision to reverse the prior judgment of the Commissioner of Social Security denying benefits and to remand the matter for further proceedings.[5]

---

[1] ECF # 36.

[2] 28 U.S.C. § 2412(a).

[3] ECF # 31.

[4] *See*, *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993).

[5] ECF # 30.

The Commissioner has responded in opposition to this motion for fees and expenses,[6] to which Teeter has replied.[7]

For the reasons that follow, I will recommend granting Teeter's EAJA application in part and denying it in part as is more fully set forth below.

## Facts

### A.    Teeter application

Teeter here requests attorney fees of $5,493.27 and reimbursement of $49.00 in expenses.[8] The attorney fee amount represents 13.7 hours of work at $184.38 per hour for attorney Kirk Roose[9] and 14.9 hours of work at $184.38 per hour for attorney Eric Schnaufer,[10] as well as 4.4 hours of the time of "appellate assistant" Diane Shriver, calculated at $50 per hour.[11] The expenses consist of preparation of two copies (one each for the plaintiff and defendant) of the complaint, the plaintiff's fact sheet, the plaintiff's brief, and the EAJA application at $.25 per page.[12]

---

[6] ECF # 33.

[7] ECF # 35.

[8] ECF # 31 at 3.

[9] ECF # 31, Ex. 1 at 1.

[10] *Id.*, at 2.

[11] *Id.*, Ex. 2.

[12] *Id.*, Ex. 3.

In support of the requested attorney fee amount, Teeter offers:

1.      A cost-of-living computation showing an increase in the national CPI (consumer price index) since 1996 that permits the allowed fee for EAJA cases to rise from the statutory amount of $125 per hour to $184.38;[13]

2.      Declaration of Dianne R. Newman, an attorney with experience in social security claims in this district, stating that she is familiar with the work of both attorneys in this case and with the rates prevailing in Cleveland, Ohio, for attorneys of comparable skill, experience and reputation, and that any rate of less than $200 per hour would be less than the prevailing rate for comparable counsel;[14]

3.      Affidavit of Marcia Margolius, an attorney with experience in social security claims in this district, stating that she is familiar with the work of attorney Roose and that his rate "should exceed" $175 per hour to $200 per hour, before considering any multipliers;[15]

4.      Declaration of attorney Bradley Davis, an attorney with experience in social security claims in this district, stating that his prior attorney fee petition of $125 per hour was not offered as representative of the current prevailing market rate, but done to eliminate the expenditure of resources in petitioning for a higher, more representative rate;[16]

5.      Declaration of attorney Kirk B. Roose;[17]

6.      The Ohio State Bar Association's 2010 reference book "The Economics of Law Practice in Ohio;"[18]

--------

[13] *Id.*, Ex. 4.

[14] *Id.*, Ex. 5.

[15] *Id.*, Ex. 6.

[16] *Id.*, Ex. 7.

[17] *Id.*, Ex. 8.

[18] *Id.*, Ex. 9.

7.      2011 edition of the National Law Journal's "The Survey of Law Firm Economics;"[19]

8.      United States Bureau of Labor Statistics, May 2011 occupational wage estimates for the Cleveland-Elyria-Mentor metropolitan statistical area;[20]

9.      United States Bureau of Labor Statistics, May, 2012 CPI for all urban consumers;[21]

10.     Professional *curriculum vitae* of Kirk Roose;[22]

11.     Professional *curriculum vitae* of Eric Schnaufer, [23]

12.     Resume of Diane Shriver;[24]

13.     Summary of EAJA application amounts;[25] and

14.     Copy of Roose & Ressler contingent fee and expense agreement.[26]

## B.      Commissioner's response

In opposition, the Commissioner does not dispute that Teeter is entitled to fees as the prevailing party, but seeks to reduce the amount of the award because "the hourly rate and

---

[19] *Id.*, Ex. 10.

[20] *Id.*, Ex. 11.

[21] *Id.*, Ex. 12.

[22] *Id.*, Ex. 13 at 1.

[23] *Id.*, Ex. 13 at 2.

[24] *Id.*, Ex. 13 at 3.

[25] *Id.*, Ex. 14.

[26] *Id.*, Ex. 15.

number of hours requested are unreasonable."[27] The Commissioner essentially makes five

principal arguments:

1. An increase above the statutory hourly rate is not established;[28]

2. The hours spent in preparation of the EAJA application were excessive;[29]

3. Most of the time spent by the appellate assistant was for tasks that are non-compensable, such as monitoring court email;[30]

4. The time for the appellate assistant should be compensated at a rate of $40 per hour, not $50 per hour;[31] and

5. To the extent the expense reimbursement is for making paper copies, such an expense should be disallowed.[32]

## Analysis

### A.    Standard of review

As the Sixth Circuit has explained, EAJA, enacted in 1990, "provides for the award

of attorney fees to a party prevailing against the United States in a civil action when the

position taken by the United States is not substantially justified and no special circumstances

---

[27] ECF # 33 at 2.

[28] *Id.* at 3-9.

[29] *Id.* at 10.

[30] *Id.* at 11.

[31] *Id.*

[32] *Id.* at 11-12.

exist warranting a denial of fees."[33] Because Congress had concern that people might be deterred from seeking review of unreasonable government actions by the expense involved, it enacted EAJA to "make challenges to unreasonable government action more accessible to certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail."[34]

Before considering any particular fee amount requested under the EAJA statute, the court must, as noted above, determine that (a) the plaintiff was the prevailing party, (b) the position of the United States was not substantially justified, and (c) no special circumstances exist that would make the award of fees unjust.[35] Once a determination is made that a plaintiff is eligible for attorney fees under the EAJA statute, the court must determine if the fee requested is reasonable.[36]

---

[33] *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009).

[34] *Id.* at 446 (citation omitted).

[35] 28 U.S.C. § 2412(d)(1)(A); *Bryant*, 578 F.3d at 445.

[36] *See*, 28 U.S.C. § 2412(d)(2)(A); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley* [*v. Eckerhart*, 461 U.S. 424 (1983)].").

As noted by Judge Adams in *De Nunez v. Commissioner of Social Security*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[37]

Initially, in arriving at a determination of the number of hours that may reasonably be included in the fee calculation, counsel should exclude hours that are excessive, redundant, or otherwise unnecessary.[38] Further, EAJA limits attorney fees to time spent in the litigation process, which includes the EAJA application process.[39] In that regard, absent extraordinary circumstances, the average number of hours for an attorney to work on an average Social Security case ranges from 30 to 40 hours.[40]

As to the hourly rate, EAJA as amended "provides a presumptive statutory cap of $125.00 per hour on the billing rates that a claimant can recover for attorney fees 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"[41] A prevailing party requesting an increase above the statutory cap "bears the burden of

---

[37] *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429, at *1 (N.D. Ohio Jan. 3, 2013) (citations omitted); *see also*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (fees are determined under EAJA by "'the time expended' and the attorney's '[hourly] rate.'").

[38] *De Nunez*, 2013 WL 60429, at *1 (citing *Hensley*, 461 U.S. at 434).

[39] *Id.*

[40] *Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799, at *1 (N.D. Ohio Jan. 10, 2013) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990)).

[41] *Id.*, at *2 (quoting 28 U.S.C. § 2412(d)(2)(A)).

-7-

producing appropriate evidence to support the requested increase."[42] Thus, the Sixth Circuit stated in *Bryant v. Commissioner of Social Security*, the plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[43] But, simply adducing evidence that the cost of living has increased, without more, is insufficient to justify an increase over the $125.00 per hour fee.[44]

As discussed below, a substantial number of courts within this district have recently concluded that when, in addition to showing an increase in the CPI for the relevant area, a plaintiff also offers evidence demonstrating that counsel has practiced extensively in the area of social security and routinely charges more than the statutory hourly rate, as well as evidence that the rate requested is in line with rates charged for similar services by other lawyers of comparable skill and experience, the Sixth Circuit's mandate in *Bryant* has been complied with and the increase in the hourly rate may be approved.[45]

---

[42] *Bryant*, 578 F.3d at 450.

[43] *Id.*

[44] *Id.*

[45] *See*, *e.g.*, *Hawk*, 2013 WL 139799, at *3 (collecting cases).

-8-

To the contrary, some decisions in this district, relying on the Seventh Circuit's decision in *Mathews-Sheets v. Astrue*,[46] emphasize that increases above the statutory amount are discretionary and must be clearly proven. As Judge Nugent explained in *Jones v. Commissioner of Social Security*,[47] the framer of EAJA did not "'create an *entitlement* to an inflation adjustment.'"[48] Thus, "[t]he mere fact that hourly increases have been granted without objection in the past, or ... [on the basis of] the opinion of one attorney [in the area] as to what she believes [the hourly rate] should be [does not satisfy the burden of proof set forth in *Bryant*]."[49]

That said, ultimately, the court has discretion after review of all the evidence to award fees greater than the $125.00 per hour statutory amount.[50]

**B.    Application of standard**

*1.    Attorneys Roose and Schnaufer*

On the basis of the evidence presented viewed under the above-related standard, the hourly rate of $184.38 claimed by attorneys Roose and Schnaufer has been shown to be "in line with [the rate] prevailing in the community for similar services by lawyers of comparable

---

[46] *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011).

[47] *Jones v. Comm'r of Soc. Sec.*, Case No. 1:10-cv-2568 (N.D. Ohio Sept. 11, 2012).

[48] *Id.* at 6 (quoting *Mathews-Sheets*, 653 F.3d at 563) (emphasis in original).

[49] *Id.* at 7.

[50] *Hawk*, 2013 WL 139799, at *2 (citation omitted).

skill, experience and reputation."[51] The proof supplied is more than simply adducing evidence of inflation, but conforms to the level of justification approved by most courts in this district.[52] Therefore, I recommend not accepting the arguments offered by the Commissioner, which are grounded in the reasoning of the Seventh Circuit in *Mathews-Sheets*.[53] I incorporate here by reference my discussion in this respect as is set forth in *Byland v. Commissioner of Social Security*.[54]

The total hours spent by attorneys Roose and Schnaufer on the appeal to this court – 28.6 hours – are compensable. The Commissioner has suggested that the attorneys here be compensated for 25 hours of time,[55] but I note that the actual hours claimed are less than the 31.4 hours that I recommended for approval in *Byland*. Further, I note that the issue raised and briefed was not a common point of contention in these cases, but one requiring a fairly technical analysis of step five procedures. Thus a significant amount of time (1.5 hours) was expended by attorney Roose seeking an agreed basis for a remand from the Commissioner and in preparing for and participating in the oral argument in this matter, which also involved

---

[51] *Bryant*, 578 F.3d at 450.

[52] *See, Byland v. Comm'r of Soc. Sec.*, No. 5:11-cv-75 (N.D. Ohio Feb. 27, 2013) (ECF # 35 at 11-15).

[53] *Mathews-Sheets*, 653 F.3d 560.

[54] *Byland*, No. 5:11-cv-75, ECF # 35.

[55] ECF # 33 at 12.

-10-

the exploration of the issue involved (5.3 hours).[56] Under such circumstances, and because the Commissioner has not shown what part of the attorney time devoted to the merits itself is "excessive, redundant or otherwise unnecessary,"[57] all 28.6 hours of time are compensable.

A more difficult question is presented by the 3.9 hours spent by attorney Roose in preparing the EAJA application itself. The Commissioner argues that 3.6 hours of this time should not be allowed, claiming that this application tracks that submitted in a prior case and that Teeter should not be compensated twice for the same work.[58]

While courts must be highly mindful of the potential for excessive fees rooted in the mere routine resubmission of filings that substantially utilize material that has been previously prepared, I observe here that the issue of attorney fees and recoverable expenses in social security litigation has been anything but routine within this district in the past months.

My 32-page report and recommendation in *Byland*, which was submitted only five months ago, disclosed no unanimity on the various issues involved, and also noted that the Commissioner has been raising significant arguments over fee applications. As *Byland* also stated, even if the basis arguments in this area are well-known, an equally known response

---

[56] ECF # 31, Ex. 1.

[57] *De Nunez*, 2013 WL 60429, at *1.

[58] ECF # 33 at 10.

must nonetheless "be appropriately re-presented within the facts of each case, and with any additional, subsequent case authority noted and discussed."[59]

Moreover, as further noted in *Byland*, the time claimed for preparation of the fee application here – 3.9 hours – is the same as the lowest number of hours claimed by attorney Roose on fee applications in eleven cases decided in 2012, where the claimed hours spent by Roose on the fee application ranged from a high of 34.2 hours to a low of 3.9 hours.[60] Inasmuch as the fee question in this district continues to require detailed briefing dealing with many recent decisions from a multitude of different judicial officers, it is unreasonable to expect, as the Commissioner seems to, that the fee application process will be a simple mathematical computation with an agreed-upon formula that consumes only the time needed to collect the records, operate a calculator, and put down the results.[61]

In sum, I recommend that all 28.6 hours of attorney time claimed by attorneys Roose and Schnaufer in the original application be approved at a rate of $184.38 per hour for a total of $5,273.27.

---

[59] *Byland*, Case No. 5:11-cv-75 at ECF # 35 at 25 n.102.

[60] *Id.* at n.100.

[61] Of course, a simple, mathematical formula with clear elements should be the norm. It should be clear to all what is recoverable and what is not, and the amounts should not be the subject of endless argument in the courts. However, a realistic view of the current situation shows that this is decidedly not the case.

## 2.    *Supplemental request*

Attorney Roose seeks an additional fee award of $1,659.42 for work preparing a reply to the Commissioner's objections to the original fee request.[62] That supplemental request consists of 9 hours of additional time at the requested rate of $184.38.[63] For the reasons given above, I recommend approving the entire request.

In particular, the reply brief here discusses approximately 16 very recent cases arising in this district that concern the particular objections raised by the Commissioner. That is a proper function of a reply brief, and an analysis of current relevant opinions is useful to this Court in fashioning an appropriate decision.

As noted earlier, it is difficult to fashion a rationale for disapproving time spent in discussing current cases that directly relate to questions raised by the opposing party in its response to a motion. As attorney Roose observes, there were "numerous precedents" to research and analyze in order to directly address the arguments of the Commissioner. One hopes that having undertaken this review, any subsequent review will build upon this compilation and thus not require the expenditure of time to do over again.

## 3.    *Appellate assistant Shriver*

As noted, the fee application seeks an award of $220 for 4.4 hours of time spent by appellate assistant Shriver, with such time billed at $50 per hour.[64]

---

[62] ECF # 35 at 9-10.

[63] *Id.* at 9.

[64] ECF # 31, Ex. 14.

As to the number of hours, the Commissioner contends that the majority of the time involved[65] was spent reviewing court emails, which is a non-compensable activity.[66] Teeter replies that because EAJA caps the amount of the attorney's fee below market rates, the only way to ensure that the full necessary cost of a plaintiff's litigation is recovered is to permit separate recovery of overhead expenses.[67]

As was discussed at some length in *Byland*, the United States Supreme Court in *Richlin Security Service Company v. Chertoff*[68] clearly established that paralegal or assistant fees are recoverable under EAJA only "'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'"[69] Accordingly, there is a two-step process involved with recovery of fees for time spent by a paralegal or legal assistant: (1) what is the prevailing hourly rate for such services within the

---

[65] The Commissioner appears at one point to claim that the disallowed time for appellate assistant Shriver would be 3.8 hours (ECF # 33 at 11), while at another point to assert that allowable time would total 1.4 hours, thus making the disallowed time 3.0 hours. *Id.* at 12. Teeter's reply seems to accept the second and final assertion of disallowed time of 3.0 hours as the Commissioner's argument. ECF # 35 at 1. My independent calculation shows that all or some of 3.8 hours of Shriver's time were spent reviewing emails (which is the prime reason the Commissioner cites to disallow time).

[66] ECF # 33 at 11.

[67] ECF # 35 at 9.

[68] *Richlin Sec. Servs. Co. v. Chertoff*, 553 U.S. 571 (2008).

[69] *Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002)).

relevant legal market, and (2) were the hours spent performing tasks traditionally performed by an attorney for which the attorney would customarily charge the client.

Here, despite the claim that EAJA's fixed rates on attorney fees presupposes a greater leniency with regard to recovery for time spent by paralegals or assistants, the test set forth by the Supreme Court requires that recoverable time expended by paralegals or assistants be limited to time spent performing those functions traditionally performed by the attorney for which the attorney would charge a client. Purely secretarial tasks such as making copies should not be recoverable regardless of who performs them.[70] However, time spent on work customarily done by attorneys, such as communicating with the court, should not be disallowed simply because that time was expended by an assistant or a paralegal, since to do so would undermine attempts to control overall costs and promote efficiency.[71]

The key issue, as it was in *Byland*, is properly characterizing the time spent by Shriver in monitoring emails from the court as they concern the docket. In *Byland*, I recommended adopting the analysis of Magistrate Judge Vecchiarelli and finding that time spent merely logging in docketing information such as time deadlines and in making and sending copies to the client or the Commissioner's counsel are non-compensable since they are essentially

---

[70] *Mohr v. Comm'r of Soc. Sec.*, No. 3:11-CV-2731, 2013 WL 557176, at *4 (N.D. Ohio Feb. 12, 2013).

[71] *Id.* (citation omitted).

-15-

clerical, while actually preparing and filing submissions to the court or communicating with the court are compensable as traditional attorney functions.[72]

Here, the time records of appellate assistant Shriver frequently show an individual block of time spent on a mix of compensable and non-compensable activities, and/or fail to sufficiently clarify the exact nature of a "review" made of an unspecified email communication from the court.

Under the controlling rubric stated above, and on the evidence submitted, I recommend allowing compensation for 2.2 hours of time – or one-half the 4.4 hours claimed by appellate assistant Shriver.

As regards, then, proof of the "prevailing market rate" for paralegal services, the Michigan district court in *Sassan v. Commissioner of Social Security*, much like the decisions of this district as regards attorney's fees, looked to a survey of the Michigan Bar Association, submitted by the party seeking fees, as to "the median rate for paralegal billing" in that state.[73]

Here, by contrast, there is no independent evidence of the prevailing market rate for paralegal services in this district. In particular, the portion of the Ohio State Bar Association "The Economics of Law Practice in Ohio (2010)"[74] submitted by Teeter consists of simply

---

[72] *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at **3-4 (N.D. Ohio July 16, 2012).

[73] *Id.*

[74] ECF # 31, Ex. 9.

-16-

a two-page excerpt from that report, which deals exclusively with "attorney hourly billing rates and practices."[75] The extensive material from the 2011 *National Law Journal* survey likewise has no information on non-legal personnel hourly rates.[76] Plus, the Bureau of Labor Statistics information on local hourly rates shows executive administrative assistants received a median hourly rate of $21.23.[77] In addition, Teeter has provided no affidavits or other declarations from those with knowledge of prevailing hourly rates for paralegal time in this district from which this Court could perform its duty under *Richlin* and discern the rate at which allowed paralegal time should be compensated.

That said, even prior to examining what paralegal hours may be proper for reimbursement under EAJA, there is some evidence of the prevailing market rate for paralegal services performed by legal assistants to Attorney Roose in three 2012 decisions of different judges in this district, which found that the recoverable hourly rate for such services is $40 per hour.[78] Because these decisions are recent and involve precisely the same persons whose hourly rates are at issue here, these recent findings serve as support for a

---

[75] *Id.* at 2.

[76] *Id.*, Ex. 10.

[77] *Id.*, Ex. 11.

[78] *See*, ECF # 33 at 5 (citing *Taylor v. Astrue*, No. 1:12 CV 293, 2012 WL 5465989 (N.D. Ohio Nov. 8, 2012) (Gaughan, J.) ($40 per hour rate for time of Attorney Roose's "appellate assistant" approved on recommendation of MJ Burke); *Rodriguez*, 2012 WL 2905928, at **3, 6 (authorizing reimbursement to "appellate assistant" Shriver at $40 per hour); *Vasquez v. Comm'r of Soc. Sec.*, Case No. 3:11-cv-177, Docket # 27 at 2, 7 (authorizing reimbursement of $40 per hour fee for time of Attorney Roose's "appellate assistant")).

-17-

$40 per hour rate for time spent by paralegals or legal assistants to Attorney Roose.[79] For the reasons stated above, an increase in this rate to $50 per hour should not be allowed.[80]

Accordingly, I recommend that 2.2 hours of time spent by appellate assistant Shriver be allowed, with that time compensated at a rate of $40 per hour, resulting in a total award of $88.00.

## 4.    *Expenses*

Although the Commissioner has not objected to the request for reimbursement of expenses here, I observe that any request for reimbursement of such items as the copying

---

[79] I make this recommendation with the awareness that general use of past decisions of other courts to provide a basis for a present fee award should not be preferred to providing the court addressing a current fee application with evidence from which that court may independently assess the application in light of the precise details of the application presented and the controlling standards. In particular, each decision cited here relies on no independent proof of the prevailing market rate for paralegal time, but is simply the conclusion on a single judicial officer that $40 per hour is a "reasonable" rate. I am recommending that such a finding be adopted here principally for the reasons that a different result – either rejecting any fee award for lack of proof or substituting a different hourly rate – would introduce further confusion and uncertainty into this area and would not be consistent with the proper respect that should be afforded to decisions of other courts in this district, who should be seen, as much as possible, as speaking with one voice on heavily-litigated questions.

[80] Teeter's attempt to use this Court's decision in *Titus v. Astrue*, No. 1:08-CV-2093 (N.D. Ohio Dec. 4, 2009) as support for allowing a fee of $45 per hour to Shriver (ECF # 35 at 9) is inapposite. Shriver's hourly fee was never contested by the Commissioner and so was never analyzed or discussed by the magistrate judge in his report and recommendation, which was then approved by the Court after no objections to that R&R were filed. As such, it offers no support for the fee sought under the analytical framework set forth above.

-18-

charges claimed here is made under 28 U.S.C. § 2412(d)(1)(A).[81] Alternatively, reimbursement of expenses is sought under 28 U.S.C. § 1920.[82]

Section 2412(d)(1)(A) provides that unless prohibited by statute, a court "shall award" the prevailing party "fees and other expenses, in addition to costs awarded pursuant to subsection (a)" of this section. Subsection (a) states that a judgment for costs "as enumerated in section 1920," but not including attorney's fees, may be awarded to the prevailing party.

The general rule is that courts, in reviewing applications for the recovery of costs, must analyze the costs submitted to determine if the expenses were for services or materials "necessary" for use in the case and whether the amount claimed is reasonable.[83]

As to costs for copying, this Court, in construing § 1920 in *Hartford Financial Services Group v. Cleveland Public Library*, stated first that the burden is on the party seeking reimbursement for copying costs to show that the copies were necessary for use in the case.[84] It further concluded that "copies obtained only for the convenience of counsel,

---

[81] ECF # 27 at 4 n.9.

[82] *Id.*

[83] *See*, *e.g*., *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (rev'd on other grounds), *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437 (1987). District courts under Rule 54(d) do not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur." *See also*, *Hartford Fin. Servs. Group v. Cleveland Public Library*, No. 1:99 CV 1701, 2007 WL 963320, at *2 (N.D. Ohio March 28, 2007) (Oliver, J.) (construing 28 U.S.C. § 1920).

[84] *Hartford Fin. Servs. Group*, 2007 WL 963320, at *6 (citation omitted).

-19-

including extra copies of filed papers and correspondence, are ordinarily not recoverable."[85] While there is some authority stating that only costs incurred for copies made for the use of the court or the opposing party are recoverable,[86] other authority holds that if the cost is an expense that would normally be charged to a fee-paying client, such an expense is recoverable.[87]

I recommend, in consideration of the above authority and in conformity with the intent and purpose of EAJA, that reimbursement for copies made for a client be reimbursable. Communication to clients of actions filed in court on their behalf is a necessary function of responsible advocacy and so would qualify as a recoverable expense under the *Hartford Financial Services* test outlined above. In addition, such expenses are customarily billed to clients as independent items from the professional fee and so would also be recoverable under that test.

Thus, in this case, the expenses incurred in making copies for the client of documents filed with the court should be recoverable, while the cost of making copies of the same documents for the attorney's own file should not. In this case, then, the allowed recoverable number of copies should be half the claimed number.

---

[85] *Id.*, at *7 (citations omitted); *accord*, *True North Energy LLC v. Chicago Title Ins. Co.*, No. 3:10 CV 1100, 2011 WL 5362063, at *6 (N.D. Ohio Oct. 27, 2011) (Zouhary, J.).

[86] *See*, *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996).

[87] *See*, *Marcavage v. City of Detroit, Mich.*, No. 06-CV-15176, 2008 WL 2980040, at *4 (E.D. Mich. July 31, 2008) (citation omitted).

*a.*     *Allowable expenses for copying*

As noted, I have recommended finding that copies of filed documents for the client be an allowed expense, while file copies for the attorney not be allowed. Teeter has asked that copy expenses be recovered at a rate of $.25 per page.[88]

Teeter has provided no independent proof for the price per page. Further, I note that the Commissioner has not objected to that rate. I also note that Judge Adams in *dicta* has stated that if the Court were to reach the point of approving fees for copies, "it would conclude that $.25 per copy is excessive."[89] By contrast, it appears that fees for copying at what appears to be a rate of $.25 per page were approved without detailed discussion in recent cases like *Rodriguez*[90] and *Mohr*.[91]

While recognizing that the amount here is relatively small and that any award is ultimately committed to the Court's discretion, I am aware that the party seeking the award bears the responsibility in the first instance to justify it. Here, despite the copious amount of briefing that has been generated on EAJA fees over the last months, I have found nothing

---

[88] ECF # 27, Ex. 3.

[89] *De Nunez*, 2013 WL 60429, at *5.

[90] *See*, *Rodriguez*, 2012 WL 2905928, at *6.

[91] *See*, *Mohr*, 2013 WL 557176, at **4-5.

-21-

attempting to prove what a reasonable market rate for paper copies is in this district.[92] When claimants are so lax as to provide no evidentiary foundation for the award requested, leaving the matter solely to the court to research or to arrive at by other means, such an approach must be noted as one of the causes for the wide range of results obtaining throughout the district on fee requests.

In the end, because this topic is not well-developed in the opinions, and because what the burden is on the party claiming fees to justify the amount claimed, I recommend denying any fees for copies inasmuch as the amount claimed per page is not supported by any evidence of record, and is not clearly set forth and established in prior recent decisions of courts in this district.

## Conclusion

For the reasons stated above, I recommend that fees and expenses be allowed under the EAJA as follows:

---

[92] In addition to the absence of any evidence from Teeter or from prior decisions of other courts in this district to support a finding that $.25 per page is a reasonable rate for copies in this district, my own review of the practice of the Clerk's office in this district discloses that it charges $.50 per page for copies made by employees of that office but only $.10 per page if the copies are made from the public terminals by members of the public. Thus, if the public price is more analogous to the situation here, Judge Adams *dicta* that $.25 per page seems excessive appears to have some foundation. If, however, the better analogy is to copies made by employees of the Clerk's office, the many approvals of copy fees at $.25 per page by other judicial officers seem in line with, and even below, the appropriate market rate. However, under the present circumstances, I find no basis for recommending the particular rate sought.

Attorneys Roose and Schnaufer (original application):
28.6 hours at $184.38 per hour – $5,273.27;

Attorney Roose (supplemental application):
9 hours at $184.38 per hour – $1,659.42;

Appellate assistant Shriver
2.2 hours at $40 per hour – $88.00; and

Expenses – no award.


Dated:  August 22, 2013                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[93]

---

[93] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).